**In re INTEREST OF Billie L. M. and Marilyn S. M., Children under Seventeen Years of Age.**

No. 30242.

St. Louis Court of Appeals.

Missouri.

Nov. 17, 1959.

Rehearing Denied Dec. 15, 1959.

William B. Spaun, Hannibal, and Tom B. Brown, Jr., Edina, for appellant.

J. Patrick Wheeler, Canton, for respondent.

RUDDY, Judge.

This is a proceeding under the provisions of Sections 211.011 to 211.431, 1958 Cumula-

tive Annual Pocket Part, Volume 12, V.A.M.S., Laws of 1957, pp. 642–659.

Appellant is the father of Billie L. M. and Marilyn S. M. On May 29, 1958, a petition was filed in the Juvenile Division of the Circuit Court, in the County where appellant and the children reside, wherein it was alleged that the two minor children were in need of care and treatment under the supervision of the court. Among the reasons given was the following: "(a) The parents or other persons legally responsible for the care and support of the child [children] have neglected and refused to provide proper support, education which is required by law, medical, surgical or other care necessary (for) the well-being of said child [children]."

After a hearing the court found that appellant had been duly summoned and appeared at the hearings with his attorney.

The court further found "(2) That said children are now in need of care and treatment under the supervision of this Court for the reason that the parent * * * has for more than one year last past neglected and refused to provide proper support and other care necessary for the well-being of said children."

Thereafter, the court ordered the care, custody and control of said children be given to their aunt. The father of said children appealed from this order. The mother of the minor children had died several years before the instant proceeding.

We are asked to dismiss this appeal because of the failure of appellant's brief to comply with Supreme Court Rule 1.08, 42 V.A.M.S. Appellant's brief is no model but we think it sufficiently complies with Supreme Court Rule 1.08, supra, in preserving for review the two principal contentions presented by him. Respondent's motion to dismiss is overruled.

■ In the first point appellant contends he was excluded from the courtroom and, therefore, could not defend himself ade-

quately. The record does not support this contention. It shows hearings were held on June 6, 1958, and June 27, 1958. On the occasion of the first hearing, June 6, 1958, the Prosecuting Attorney orally moved that the witnesses be excluded from the courtroom. There was no objection on the part of appellant's counsel and said motion was sustained.

The record shows that the witnesses retired from the courtroom with instructions that they would be called when needed to testify. The record then shows that the attorney for the appellant told him he should also leave the room, which he did. The record shows that the only witnesses produced on this occasion were six men and women who testified for appellant. On this date the hearing was continued to June 27, 1958, and the record shows in connection therewith the following: "At which hearing all witnesses were excluded, with the exception of * * * (appellant) and his wife and Mrs. * * *, who remained in the hearing room. * * *"

The only time appellant was not present in the hearing room was on the first occasion, June 6, 1958, when he left on the suggestion of his counsel. The record does not show that he was excluded from the room by the court.

We need not and do not express any opinion as to appellant's right to be present at all times during the proceedings. It is sufficient to point out that the record shows he was not excluded from the courtroom by any action of the trial judge. This contention of appellant must be ruled against him.

■ In his second point appellant complains of the admission in evidence of reports of the Juvenile Officer and reports of the Welfare Departments of Missouri and Alabama. Appellant contends these reports were hearsay evidence and should not be admitted. We need not rule on the propriety of the court's action in admitting these reports because the material portions of the reports, which were unfavorable to appellant, were admitted by him to be correct.

The record shows that prior to March 5, 1956, which is the date of the death of the mother of the children, the children were placed in the home of an aunt by the mother who was ill. After the death of the mother the children continued to live in the home of the aunt.

Appellant and his present wife admitted on cross-examination that they had lived together as man and wife for six months or more before they were married on June 5, 1958. Their marriage took place the day before the first court hearing. On cross-examination appellant was asked if he had lived with a woman who was known as a prostitute, prior to the date of his marriage to his present wife. Appellant denied that he had lived with this known prostitute. Thereafter, the attorney for the appellant, when faced with documentary evidence offered by the attorney for the respondent to prove that appellant had lived with a known prostitute, admitted that appellant had lived and cohabited with this prostitute for a period of time. This period of cohabitation with a known prostitute and with his present wife prior to their marriage was in close proximity to the dates of the hearings held in this case.

It was further admitted by the appellant through his attorney that the appellant had not supported the children since the death of their mother. Some of appellant's own witnesses on cross-examination admitted that appellant's home was not a fit abode in which to place the children if he had lived in open adultery for six months with his present wife before they were married.

We think the aforesaid admissions of appellant and his present wife and the testimony of some of appellant's own witnesses were sufficient to support the findings and ruling of the trial court that appellant " * * has for more than one year last past neglected and refused to provide proper support and other care necessary for the well-being of said children" and "That said children are now in need of care and treatment under the supervision of this Court."

We find no error in the trial court's findings and decree and same should be affirmed. It is so ordered.

WOLFE, P. J., and ANDERSON, J., concur.